[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on March 25, 1990 at Bethel, Connecticut.
All jurisdictional requirements have been met.
The parties have one minor child born issue of the marriage; Chelsea Ann born April 22, 1991.
The marriage of the parties has been beset by difficulties for some time. This was a second marriage for the plaintiff and there were difficulties between her son and the defendant. The defendant believes that the plaintiff is involved in another relationship. The court does not ascribe fault to either party.
The defendant takes the position that there should be no division of his pension, substantially acquired within the marriage, nor should there be any award of alimony. Yet he substantially outearns the plaintiff and can offer no legal authority for the financial position he asserts. Indeed, while this is neither a very short nor a very long marriage, it is a marriage which has produced a child, and that event has forever altered the lives and opportunities of the parties, the relationship between them, and the obligations they owe to each other. It is clear from a reading of the applicable statutes that the disparate earning capacities of the parties, other financial criteria and the plaintiff's status as primary custodian make financial orders, other than those urged by the defendant, both CT Page 1888 necessary and equitable.
The court has considered the statutory criteria contained in Connecticut General Statutes Sections 46b-56, 46b-81, 46b-82 and46b-84 and enters the following orders:
1. The parties have entered into a written agreement concerning the custody and visitation orders affecting their child. The court approves that agreement and incorporates it by reference as part of the court's decree.
2. The defendant shall pay, as alimony, to the plaintiff, the sum of $100.00 per week until the earliest to occur of the following events: the death of either party, the remarriage of the plaintiff, the cohabitation of the plaintiff so as to trigger statutory criteria, or June 30, 2009. This order is subject to immediate wage withholding and payable directly to the plaintiff.
3. The defendant shall pay, as child support, $160.00 per week. This order is in compliance with the guidelines, subject to immediate wage withholding and payable directly to the plaintiff.
4. Each of the parties shall be responsible for one half of the day care expenses incurred on behalf of the minor child.
5. The defendant shall maintain medical insurance available to him through his employment for the benefit of the minor child. Each of the parties shall be responsible for any unreimbursed medical, dental, optical, opthamologic, dental, orthodontic, psychological, psychiatric and prescription expenses incurred on behalf of the minor child.
6. The defendant shall name the minor child as irrevocable beneficiary of $100,000.00 in life insurance and shall name the plaintiff as irrevocable beneficiary of $50,000.00 in life insurance for so long as he is obligated to pay alimony.
7. The plaintiff is awarded a one half interest in the defendant's pension, valued as of the date of judgment. The court retains jurisdiction to enter a qualified domestic relations order. The parties shall be equally responsible for the costs of the preparation of said order.
8. The defendant shall have the right to claim the minor child as an exemption for all state and federal tax purposes. The CT Page 1889 plaintiff shall execute all forms necessary to effectuate this order.
9. The property listed on schedule A affixed to the plaintiff's proposed orders is awarded to the plaintiff with the exception of the gold coin from grandmother.
10. Each of the parties shall be responsible for and indemnify and hold harmless the other on all liabilities listed on their respective financial affidavits.
11. If a deficiency judgment results form the foreclosure of the marital residence, the defendant shall be responsible for eighty per cent and the plaintiff for twenty per cent of said deficiency and each shall indemnify and hold harmless the other for their respective shares.
BY THE COURT,
ELAINE GORDON, J.